**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZACHARY KRUEGER, ) <br> ) <br> Defendant. ) <br> ) | **CRIMINAL ACTION** <br><br> No. 13-10175-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to suppress. (Doc. 11). The motion has been fully briefed and is ripe for decision. (Doc. 13). The court held an evidentiary hearing on February 6, 2013.

**I. Facts**

In May 2013, Rick Moore, a special agent with Homeland Security (HSI), received a lead concerning defendant from the Delaware HSI office. The Delaware agent came into contact with defendant when he was conducting covert operations online. Defendant shared his peer to peer networking account and password with the agent who discovered child pornography contained in defendant's files. The agent captured defendant's IP address from the account and used that information to determine defendant's physical address in Emporia, Kansas.

Moore used the information gathered from the Delaware investigation to obtain a search warrant for defendant's residence. The search warrant sought to locate items which depicted child pornography and was issued by Magistrate Judge Karen Humphreys in Wichita, Kansas, on June 7, 2013. The search warrant was executed by

Moore at 6:40 a.m. on June 13. While at the residence, Moore learned from Matthew Hastings, defendant's roommate, that defendant was in Oklahoma City, Oklahoma, visiting Nate Benner. Moore searched the residence for defendant's computer and cell phone, but they were not at the residence. Hastings informed Moore that if those items were not in the residence, defendant would probably have them with him. Moore asked Hastings to refrain from contacting defendant about the search warrant. Hastings told Moore that he would not contact defendant.

Moore contacted Jeff Perkins, an HSI agent in Oklahoma City. Moore informed Perkins that they were looking for defendant who may be with Nate Benner in Oklahoma City. Perkins determined a potential address for Benner. Perkins drove to the residence and located defendant's vehicle. Perkins called Moore, informed him of the location of defendant's vehicle and sent photographs of the residence and vehicle. Perkins then remained at the residence conducting surveillance.

Moore called Jason Hart, the AUSA assigned to the case, to inform him of the events. Hart began to prepare a warrant to search the home in Oklahoma and defendant's vehicle. Hart advised Moore to drive to Wichita so that they could present the warrant to Magistrate Gale. At 11:30 a.m., Moore and Hart met with Magistrate Gale. Moore told the magistrate that defendant and his computer were in Oklahoma. The warrant specified that the Oklahoma residence was only to be searched for defendant's property.

After receiving the warrant, Perkins reviewed it to confirm the address was correct and that it had a signature authorizing the

search. Perkins testified that he did not have any reason to question the validity of the warrant at the time he was given the warrant. Perkins and eight additional officers approached the Oklahoma residence to execute the warrant. Perkins knocked on the door and asked if defendant was inside. Defendant was sitting on the couch. The officers did an initial sweep of the residence. After the sweep, Perkins located defendant's computer and hard drive. The items were seized but not searched. At some time after the entry, an officer picked up the warrant and noticed that it was signed by a judicial officer in Kansas. The officer asked Perkins if that was acceptable.[1] Perkins called Moore to relay the concern. Moore contacted the AUSA. Moore then instructed officers not to search the property until additional warrants or consents were given.

HSI agent Kari Newman assisted in the execution of the search warrant and conducted an interview with defendant. During the interview, Newman informed defendant of his Miranda rights. Defendant read his rights and signed the waiver. Defendant admitted to viewing child pornography and trading it with others online.

Defendant's computer and hard drive were sent to a forensic lab in Kansas City, Missouri. Moore retained various CDs seized in the search. Ultimately, Moore obtained a warrant to view the CDs. There was nothing of any evidentiary value on the CDs.

On June 26, Moore contacted officer Kevin Shireman to assist in the investigation. Shireman went to defendant's house in Emporia.

---

[1] The exact nature of the conversation is unknown. Perkins was unable to recall the whole conversation and could not recall the name of the officer.

Shireman told defendant that he was there on behalf of Moore and asked for consent to search the computer and hard drive that were stored in Kansas City. Defendant gave written consent to search the computer and hard drive.

Defendant seeks to suppress his statements and the computer and hard drive on the basis that the warrant was not authorized.

**II.   Analysis**

Federal Rule of Criminal Procedure 41(b) provides as follows:

At the request of a federal law enforcement officer or an attorney for the government:

(1) a magistrate judge with authority in the district -- or if none is reasonably available, a judge of a state court of record in the district -- has authority to issue a warrant to search for and seize a person or property located within the district;

(2) a magistrate judge with authority in the district has authority to issue a warrant for a person or property outside the district if the person or property is located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed. . .

Defendant argues that the Oklahoma warrant violates Rule 41(b). The government's response is confusing, at best. It appears that the government believes the property in this case could have been moved at the time the warrant was requested and therefore, the warrant complies with Rule 41(b)(2). (Doc. 13 at 8). The warrant issued by Judge Humphreys authorized search and seizure of property in Emporia, Kansas. At the time the warrant was applied for and issued, there was no suggestion that the items specified were not in Emporia or might move outside Kansas. When Moore executed Judge Humphreys' warrant, he learned <u>not</u> that defendant might move the items outside Kansas; he learned that both defendant and presumably the items sought to be

-4-

seized already were in Oklahoma. That was the information presented to Judge Gale. There can be no question that Judge Gale was requested to issue, and did issue, a search warrant for property located outside Kansas. Under the facts presented to him, he could not do so and the warrant was void, ab initio.

The government also contends that the statutory language is ambiguous and, therefore, must be construed in its favor. Rule 41(b)(2) unambiguously states that the property must be located in the district at the time the warrant is issued, regardless of its ability to be moved. It was not. Therefore, Rule 41(b)(2) was not applicable.

Defendant contends that because Judge Gale's warrant is void, additional evidence must be suppressed. The government responds that the violation does not result in automatic exclusion of the evidence. The Tenth Circuit has held that "unless there is a clear constitutional violation, non-compliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the rule." United States v. Rome, 809 F.2d 665, 669 (10th Cir. 1987); see also United States v. Sims, 428 F.3d 945, 955 (10th Cir. 2005). Defendant does not contend that (2) is applicable.

The Tenth Circuit cases discussing this standard, however, do not address a violation of Rule 41(b)(2). The Tenth Circuit has applied the standard to the following violations: executing the search one day late, Sims, 428 F.3d 945 (Rule 41(e)); failure to list a date,

-5-

United States v. Hugoboom, 112 F.3d 1081 (10th Cir. 1997)(same); failure to record portions of oral testimony in a call, Rome, 809 F.2d 665 (Rule 41(c)); and execution of the warrant by state officers, United States v. Pennington, 635 F.2d 1387 (10th Cir. 1980) (same).

The government cites an unpublished District of Minnesota case to support its position that the evidence should not be suppressed. In United States v. Vann, No. 07-247, 2007 WL 4321969 (D. Minn. Dec. 6, 2007), the magistrate judge issued three warrants in a drug conspiracy investigation. One of those warrants was for property outside of the district. The district court held that Rule 41(b) was violated but that defendant failed to establish prejudice or intentional disregard for the rule. Therefore, the evidence was not suppressed. The court is not persuaded by the decision.

In Rome, the Tenth Circuit stated that the question is whether the rule violation was "of such magnitude as to require exclusion." 809 F.2d at 668-669. The Circuit emphasized that it does not "condone careless police work and lack of preparation, nor [does it] hold that the failure to understand the rules governing their conduct will excuse law enforcement officers from compliance therewith." Id. at 670. In Rome, however, the Circuit held that the agent and the magistrate "complied with the spirit, if not the letter" of the rule. Id. The same cannot be said in this case. The "jurisdictional flaw in this warrant [cannot] be excused as a technical defect." United States v. Glover, 736 F.3d 509, 515 (D.C. Cir. 2013); see also United States v. Baker, 894 F.2d 1144, 1147 (10th Cir. 1990)(finding a warrant issued by a state court judge to be void because it was outside of his statutory jurisdiction).

-6-

The court finds that defendant has shown prejudice in that if Rule 41(b)(2) "had been followed to the letter" Magistrate Gale would not have issued the search warrant on June 13.[2]  Rome, 809 F.2d at 670.  Therefore, the evidence seized in Oklahoma must be suppressed.

The government, however, urges the court to apply the Leon "good faith" exception in this case.  "[I]t is quite a stretch to label the government's actions in seeking a warrant so clearly in violation of Rule 41 as motivated by 'good faith.'" Glover, 736 F.3d at 516 (the magistrate issued a search warrant for a vehicle located outside of his district).  Therefore, the court does not find the "good faith" exception applicable and instead finds that exclusion of the evidence will serve the "remedial objectives" of the exclusionary rule. United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405 (1984).[3]

Alternatively, and regardless of the invalidity of the search warrant, the government contends that defendant's statement is admissible because he signed a Miranda waiver and the computer and hard drive searches are admissible because of defendant's signed consents to search.  Statements obtained immediately following an unlawful entry are excluded under the fruit of the poisonous tree

---

[2] Neither the government nor the agents suggested that they would have presented the warrant to a magistrate in the Western District of Oklahoma on June 13, nor is there any evidence that they could not have done so.

[3] The court does not find, or even suggest, that Judge Gale and the agents acted in bad faith.  In the "real world" of search warrants, officers who execute a warrant have every right to assume that the judge who issued the warrant was authorized to do so.  In this case, when one agent questioned "venue" (albeit after the home had been entered), he was assured that the warrant was valid.  The agents acted properly and in good faith but that does not cure a fatally defective warrant.

doctrine unless there is an "intervening independent act of free will." Brown v. Illinois, 422 U.S. 590, 95 S. Ct. 2254 (1975) (citing Wong Sun v. United States, 371 U.S. 471 (1963)). There is no evidence of an intervening independent act of free will. A Miranda warning, alone, is not sufficient. Brown, 422 U.S. at 602-03. Therefore, defendant's statement is inadmissible.

The court finds that the consents to search defendant's computer and hard drive were not voluntary. United States v. Maez, 872 F.2d 1444, 1453 (10th Cir. 1989). At the time of the consents, defendant's property remained in the possession of the government, unlawfully. Therefore, the taint of the illegal search and seizure remained.

**III. Conclusion**

Defendant's motion to suppress is granted. (Doc. 11).

IT IS SO ORDERED.

Dated this ___7th___ day of February 2014, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE